THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In Re:

**MILLENNIUM TRANSIT SERVICES, L.L.C.**,

    Debtor.        Case No. **08-12848-s11**

**OBJECTION OF UNSECURED CREDITORS' COMMITTEE**
**TO DEBTOR'S DISCLOSURE STATEMENT**

  COMES NOW the Unsecured Creditors' Committee ("UCC" or "Committee"), by counsel, and makes the following objections to the Disclosure Statement filed by the Debtor herein in conjunction with the "Plan or Reorganization" filed herein by Debtor on October 28, 2010.

  1. The Disclosure Statement does not provide sufficient information about the prospects of the Debtor continuing actual business operations. It is apparent that the Debtor's business operations have been minimal since the filing of the petition herein, but, at various points during this proceeding there has been some indication that the Debtor was pursuing specific contracts for large scale production of buses. Insiders of the Debtor have invested substantial funds post-petition, and seem willing to provide an additional $150,000 for payment of unsecured claims herein, which would seem to indicate that they consider the Debtor's future prospects to be worth such an investment. There should be some disclosure about the Debtor's future business prospects in the Disclosure Statement.

  2. The Disclosure Statement does not correctly state the requirements for confirmation of the Plan. The discussion of the "Fair and Equitable" Test, with respect to unsecured creditors, refers to the provisions of §1115 in the context of the confirmation requirements of §1129(b)(2)(B), but §1115 is only applicable to cases in which the debtor is an individual, and the confirmation

requirement that does not include the "absolute priority" rule applies only to debtors that are individuals. Thus, the statement in the disclosure statement that the Court could confirm the plan even if unsecured creditors reject the plan is incorrect. The Disclosure Statement should correctly state the confirmation requirements (if it recites them or summarizes them at all).

3. The Disclosure Statement should concisely indicate which classes are impaired, and which classes, though impaired, would not be considered in determining whether an impaired class has accepted the Plan.

4. The Disclosure Statement should provide information about the actual anticipated dividend to unsecured creditors. A bar date has been set, and has passed. The Disclosure Statement should advise unsecured creditors of the total amount of unsecured claims that have been allowed, and of such claims, which, if any, the Debtor believes are objectionable. Further, the Disclosure Statement should inform creditors of whether, in fact, the Debtor intends to object to any filed claims, since the plan is in essence a "defined contribution" type of plan, and the Debtor has little reason to spend money prosecuting claims objections even if otherwise warranted. If the Debtor does not intend to prosecute claims objections, unsecured creditors might consider the Plan objectionable unless some other agent is designated and funded for that purpose.

5. The Disclosure Statement refers to post-confirmation modification of the plan pursuant to §1127(e), but that subsection applies only to cases in which the debtor is an individual, and any discussion in the instant case is misleading in that it might lead an unsecured creditor to believe that a post-confirmation modification could be sought by an unsecured creditor based on the Debtor's operating results (or disposable income) after confirmation. In this regard, a fuller discussion of the Debtor's anticipated post-confirmation activities would be appropriate, since (1) modification under §1127(e) is not available, (2) there is no plan mechanism to adjust the dividend to unsecured

creditors in response to a significant change of business prospects post-confirmation, and (3) the proposed dividend to unsecured creditors appears to be based on an arbitrary contribution from insiders. The UCC does not here intend to "look a gift horse in the mouth" but the Disclosure Statement fails to inform unsecured creditors of the basis for the proposed dividend, and the exceptions to the absolute priority rule seem to require that a "new value" infusion should be "integral" to the plan.

6. The Disclosure Statement should more fully identify the equity holders of the Debtor, as they appear to be retaining their interests notwithstanding the absolute priority rule.

7. The UCC joins in all other objections that may be filed by other parties in interest.

WHEREFORE, the UCC prays that the Court require further information be disclosed by the Debtor before the Disclosure Statement is approved, and for such other relief as the Court deems appropriate.

Respectfully submitted by:
Moore, Berkson & Gandarilla, P.C.
Counsel for UCC
s/ submitted electronically
George M. Moore
P.O. Box 7459
Albuquerque, NM 87194-7459
(505) 242-1218
Fax: 242-2836