UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MILLENNIUM TRANSIT SERVICES, LLC,　　　　Case No. 08-12848-s11

　　　　Debtor.

## ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER came before the Court on February 10, 2011 for confirmation of the Debtor in Possession Millennium Transit Services, LLC's (the "Debtor's") Plan of Reorganization, filed October 28, 2010 (Doc. 165) (as modified as set forth below, the "Plan"). Thuma & Walker, P.C. (David T. Thuma) appeared for the Debtor. James A. Ludvik, the Managing Member of the Debtor, was available by telephone if needed. Also present were George M. Moore and Koo Im Tong, counsel for the Official Unsecured Creditors Committee; Clarke Coll, counsel for Pioneer Bank; and Eric Norvell, counsel for Wagner Equipment Co. The Court, after reviewing the Plan, the Tally of Ballots filed February 8, 2011 and the Debtor's offer of proof; taking judicial notice of the record in this case maintained by the Clerk of the Court; hearing and considering the representations of counsel; and being otherwise fully advised; FINDS:

　　　　A.　　　　This is a core proceeding.

　　　　B.　　　　On August 29, 2008 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

　　　　C.　　　　Pursuant to Bankruptcy Code §§1107 and 1108, the Debtor has retained possession of its assets, as debtor-in-possession, and is continuing to operate its business.

　　　　D.　　　　On October 28, 2010 the Debtor filed the Plan.

E. On January 5, 2011, the Court entered its Order Approving Disclosure Statement and Fixing Time for Submitting Acceptance or Rejection of Plan, fixing certain times for objections and submitting ballots, and giving notice of the hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Scheduling Order").

F. As set forth in the Certificate of Service filed on February 9, 2011, and the mailing matrix attached thereto, copies of the Confirmation Scheduling Order, the Disclosure Statement, the Plan, and ballots for accepting or rejecting the Plan, were sent to all parties entitled to notice on January 7, 2011.

G. The Debtor has given proper and sufficient notice of the hearing on confirmation of the Plan, and the deadlines to object to the Plan and to cast ballots to accept or reject the Plan, in proper form and content, to all parties entitled to notice.

H. No further notice to any creditors or other parties in interest is necessary or appropriate in the circumstances prior to entry of this Order.

I. The Plan complies with the requirements of the United States Bankruptcy Code (the "Bankruptcy Code"), including but not limited to each of the applicable requirements of 11 U.S.C. §1129(a) and (b). Without limiting the foregoing, the Court finds that:

    (i) The Plan complies with the applicable provisions of the Bankruptcy Code;

    (ii) The Debtor has complied with the applicable provisions of the Bankruptcy Code;

(iii) The Plan has been proposed in good faith and not by any means forbidden by law;

(iv) Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable;

(v) The Debtor has fully disclosed the identity and affiliations of any individuals proposed to serve, after confirmation of the Plan, as a director, officer or voting trustee of the Debtor; the appointment to, or continuance in, such office of such individuals, is consistent with the interest of creditors and equity security holders and with public policy; and the proponent of the Plan has disclosed the identity of any insider who will be employed or retained by the reorganized debtor on behalf and the nature of the compensation to such insiders;

(vi) With respect to each impaired class of claims or interests, (a) Classes 1, 2, 4, 6, and 8 voted to accept the Plan and each such holder will receive or retain under the Plan on account or such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date; and (b) no ballots were cast in Classes 3, 5, or 7 and with respect to a holder of a claim in such classes, each holder will receive or retain under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date;

(vii) With respect to each class of claims or interests (a) such class has accepted the Plan, (b) is not impaired under the Plan, or (c) the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan;

(viii) The Plan complies with the requirements of Bankruptcy Code §1129(a)(9);

(ix) At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider;

(x) The Plan is feasible, and is not likely to be followed by the liquidation or the need for further financial reorganization, of the Debtor;

(xi) All fees payable pursuant to 11 U.S.C. §1930 either have been paid, or the Plan provides for the payment of such fees on the Effective Date or when allowed or approved by the Court (if such allowance or approval is required);

(xii) The Debtor does not make payment of retiree benefits, as that term is defined in Bankruptcy Code §1114; and

(xiii) The Plan contains adequate means for its implementation.

J. All applicable requirements for confirmation of the Plan have been duly satisfied.

K. The Debtor and Pioneer Bank agreed to the following modification of the Plan:

> 4.1 <u>Class 1 (Secured Claim of Pioneer Bank)</u>. The Class 1 Claim shall be paid in accordance with the pre-petition loan documents, modified as set forth herein. The first payment shall be made five days after entry of the order confirming the Plan, and subsequent payments shall be made

monthly. The Holder of the Class 1 Claim shall retain its liens on the same property against which it had or are determined to have had a lien Pre-Petition. Except as otherwise provided in this Plan or other order of the Court, the terms and provisions set forth in the Pre-Petition Agreements between the Debtor and the Holder of the Class 1 Claim will remain in effect after the Effective Date. The missed post-petition principal amount of approximately $1.2 million is to be paid upon loan maturity in 2014.

K.  The Plan, a copy of which is attached, should be confirmed.

THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:

1.  Any of the foregoing findings of fact that are deemed to constitute conclusions of law are hereby incorporated as conclusions of law. Any of the following conclusions of law that are deemed to constitute findings of fact are hereby adopted as findings of fact.

2.  Pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157, jurisdiction of this Chapter 11 case is vested in this Court.

3.  Notice and hearing on confirmation of the Plan, as required by the Bankruptcy Code and Bankruptcy Rules, have been duly given. Notice of the final hearing of the Plan confirmation hearing, the date fixed for filing acceptances or rejections of the Plan, and the date fixed for filing objections to confirmation of the Plan, was adequate and appropriate as required by Bankruptcy Code §102(1), Bankruptcy Rules 2002 and 3017.1, and other applicable law.

4.  All references in this Order to the Plan shall be to the Plan as modified by this Order.

5.  The Plan complies with the applicable provisions of the Bankruptcy Code. The Plan contains all mandatory provisions required by Bankruptcy Code §1123, and

contains only such other provisions as are permissible under Bankruptcy Code §1123 and consistent with the Bankruptcy Code.

6. The Debtor's solicitation with respect to the Plan complied with Bankruptcy Code §1125 and all other applicable provisions of the Bankruptcy Code.

7. All applicable requirements for confirmation of the Plan have been duly satisfied in this Chapter 11 Case. Accordingly, the Plan shall be, and the same hereby is, confirmed.

8. The provisions of the Plan shall bind the Debtor and all holders of claims against the Debtor, whether or not the respective claims of such holders are impaired under the Plan, whether or not such holders have accepted the Plan, and whether or not such holders have filed proofs of claim or are deemed to have filed proofs of claim.

9. The Debtor is hereby released and discharged, to the fullest extent permitted by Bankruptcy Code §1141, from (a) any claims or debts that arose before the Confirmation Date; and (b) any debt of a kind specified in §§502(g), 502(h), or 502(i) of the Bankruptcy Code. This release and discharge does not affect any obligations arising under the Plan.

10. All persons and entities whose claims or debts are discharged by this Order are permanently enjoined from commencing or continuing any action or employing any process or engaging in any act to collect, recover, or offset any such claim or debt as a personal liability of the Debtor to the fullest extent provided by Bankruptcy Code §524.

11. As provided in the Plan:

(a) All property of the estate is vested in the Debtor as of the Confirmation Date of the Plan;

(b) The Debtor shall not be required to file any operating reports after the Effective Date of the Plan; and

(c) Bankruptcy Court approval of fees of professionals employed by the Debtor shall not be required for any services rendered by professionals to the Debtor after the after the Effective Date of the Plan.

12. With respect to any administrative claims of taxing authorities, the provisions of 11 U.S.C. §503(b)(1)(D) control over anything on the contrary in the Plan.

*/s/ James S. Starzynski*

Hon. James S. Starzynski, United States Bankruptcy Judge

Date entered on docket:  February 11, 2011

THIS ORDER CONTAINS MODIFICATIONS TO THE ORIGINAL ORDER SUBMITTED BY E-MAIL.

Submitted by:
THUMA & WALKER, P.C.
By: submitted by e-mail 2/10/11
    David T. Thuma
    500 Marquette N.W., Suite 650
    Albuquerque, N.M. 87102
    (505) 766-9272
Attorneys for the Debtor in Possession